IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BOBBY E. HAZEL,**

    **Petitioner,**

**v.**                              **Civil Action No. 1:09CV4**
                                          **(Judge Keeley)**

**JAMES N. CROSS,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

Pro se petitioner, Bobby E. Hazel ("Hazel"), initiated this 28 U.S.C. § 2241 habeas corpus petition on January 15, 2009. On January 20, 2009, Magistrate Judge John S. Kaull conducted a preliminary review of Hazel's petition and issued a Report and Recommendation ("R&R"), in which he recommends the case be dismissed with prejudice as improperly filed. Specifically, Magistrate Judge Kaull determined that Hazel's petition, filed under § 2241, raised issues that should have been raised in a petition under 28 U.S.C. § 2255. Because Hazel has already filed a § 2255 petition, however, he is barred from filing a successive § 2255 petition. See 28 U.S.C. § 2255(h).

The R&R additionally informed the parties that any objections to the Magistrate Judge's recommendations must be submitted within ten days of receipt of the R&R. Hazel has not filed objections to the R&R, but, on February 3, 2009, the Clerk of the Court received a letter from Hazel's sister, in which she forwarded the filing fee of $5.00 on behalf of her brother, because the institution where he is housed, USP-Hazelton, had been on "lock-down" (dkt. no. 7).

Then, on February 23, 2009, the Clerk of the Court received a letter written in pencil from Hazel, in which he indicates that the prison officials had refused to provide him with a pen to write "legal pleadings to the court," because he is in administrative segregation (dkt. no. 9). Hazel asked the Clerk of the Court to provide him with "information on the appropriate steps to file my pleadings to the court."

In light of this correspondence to the Court, which was received more than ten working days before this Order, it is clear that Hazel could have filed objections in the time that has passed since the R&R was issued, but has chosen not to.[1] Accordingly, because no objections have been filed, the Court **ADOPTS** the R&R in its entirety (dkt. no. 4), **DISMISSES** Hazel's § 2241 petition **WITH PREJUDICE** and **ORDERS** the case stricken from the Court's docket.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record, and all appropriate agencies, and to mail a copy of this order to the pro se petitioner by certified mail, return receipt requested.

DATED: March 18, 2009

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).