IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BOBBY E. HAZEL,

    Petitioner,

v.                                  Civil Action No. 1:09CV4
                                     (Judge Keeley)

JAMES N. CROSS,

    Respondent.

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATIONS FOLLOWING DE NOVO REVIEW

On January 15, 2009, pro se petitioner Bobby E. Hazel ("Hazel") filed a habeas corpus petition under 28 U.S.C. § 2241, challenging the validity of his life sentence. On January 20, 2009, Magistrate Judge John S. Kaull conducted a preliminary review of Hazel's petition and issued a Report and Recommendation ("R&R"), in which he recommended that the case be dismissed with prejudice based on his determination that the issues raised in the petition should have been raised under 28 U.S.C. § 2255 and the case therefore was improperly filed under § 2241. Magistrate Kaull reasoned that, because Hazel has previously filed petitions under § 2255, he is barred from filing a second, or successive, § 2255 petition. See 28 U.S.C. § 2255(h).

In his objections to the R&R, Hazel argues that Magistrate Judge Kaull failed to determine whether the remedy under § 2255 was inadequate or ineffective to adjudicate his claims on their merits. Although his objections are somewhat confusing, he appears to argue that his claims have not been adjudicated on their merits, and thus

he should not be barred from raising them in a successive petition. He argues that his case constitutes an "exceptional circumstance" that warrants the Court's exercise of its "discretionary power" to grant him relief.

The Court reviews <u>de novo</u> any parts of the R&R to which a specific objection has been made, 28 U.S.C. § 636 (b)(1), but may adopt, without explanation, any recommendation to which the petitioner does not object. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983). A petitioner's failure to raise an objection that is sufficiently specific to focus the Court's attention on the factual and legal issues truly in dispute waives his right to appellate review. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003).

In this case, Hazel does not dispute that he has filed previous petitions under § 2255, nor does he dispute that the issues raised in his current petition challenge the validity of his sentence and, thus, should be properly raised in a § 2255 petition. What Hazel apparently contends, however, is that the Court, in its discretion, should allow a second, or successive, petition under § 2255 in this instance pursuant to the "savings clause" of that statute. Specifically, 28 U.S.C. § 2255(e) provides that a court should not entertain an application for a writ of habeas corpus on behalf of a prisoner who has already been denied relief by the court which sentenced him, "unless it also appears that the remedy

by motion is inadequate or ineffective to test the legality of his detention."

Contrary to Hazel's objections, however, Magistrate Judge Kaull did analyze the claims in Hazel's petition in light of § 2255's savings clause. In doing so, he correctly relied on In re Jones, 226 F.3d 328 (4th Cir. 2000), in which the Fourth Circuit set forth a three-part test that district courts must utilize to determine whether § 2255 is inadequate and ineffective to test the legality of a petitioner's detention.

In applying the three-part test from Jones, Magistrate Judge Kaull concluded that Hazel has failed to meet that standard. Inasmuch as (1) the relief Hazel seeks in his § 2241 petition is properly sought in a petition under § 2255, (2) he is statutorily barred from filing a second or successive § 2255 petition, and (3) he admits that he has filed previous petitions under that statute, Magistrate Judge Kaull correctly determined that Hazel did not meet the criteria for review under the "savings clause," and his petition under § 2241 therefore should be denied and dismissed with prejudice.

The Court **ADOPTS** the R&R in its entirety (dkt. no. 4), **DENIES** Hazel's petition, and **DISMISSES** the case **WITH PREJUDICE** from its docket.

It is so **ORDERED**.

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION FOLLOWING DE NOVO REVIEW**

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order, to transmit copies of this Order to counsel of record and to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested.

DATED: July 2, 2009

                                      /s/ Irene M. Keeley
                                      IRENE M. KEELEY
                                      UNITED STATES DISTRICT JUDGE

**HAZEL V. CROSS**                                                          **1:09CV4**