**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**BOBBY E. HAZEL,**

    **Petitioner,**

**v.**                                                    **Civil Action No. 1:09cv4
(Judge Keeley)**

**JAMES N. CROSS,**

    **Respondent.**

## ORDER DENYING MOTION FOR RECONSIDERATION

The pro se petitioner Bobby E. Hazel ("Hazel"), initiated this § 2241 habeas corpus action on January 15, 2009. In the petition, Hazel challenged the validity of a life sentence imposed in the United States District Court for the Eastern District of Virginia. In support of his petition, Hazel asserted, among other things, ineffective assistance of trial counsel, fraud upon the Court, failure to correct false information, a Brady[1] violation and actual innocence.

On January 20, 2009, Magistrate Judge John S. Kaull undertook a preliminary review of the file and issued an Opinion/Report and Recommendation ("R&R"), in which he recommended that the case be dismissed with prejudice based on his determination that the issues raised in the petition should have been raised under 28 U.S.C.

---

[1] Brady v. Maryland, 373 U.S. 83, 87 (1963), ("The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

§ 2255. Hazel filed objections to the R&R on April 15, 2009. In his objections, Hazel argued that Magistrate Judge Kaull failed to appropriately assess whether his remedy under 28 U.S.C. § 2255 was inadequate and ineffective to test the legality of his sentence, thereby invoking the "savings clause" of § 2255, and permitting him to raise his claims under § 2241.

Because Hazel objected to the findings in the R&R, on July 2, 2009, the Court conducted a de novo review of his claims. In doing so, it found that Magistrate Judge Kaull had analyzed Hazel's claims under the appropriate statutory authority and circuit precedent, and had properly concluded that Hazel did not meet the requirements for review under § 2241. Thus, it denied his petition and dismissed it with prejudice.

Now before the Court is Hazel's "Motion for Reconsideration of the Court's Memorandum Opinion and Order Adopting the Report and Recommendation Following De Novo Review on July 2, 2009." In the motion, Hazel acknowledges that he cannot meet the requirements for review under the "savings clause" of 28 U.S.C. § 2255. Motion (dkt. no. 25) at 2 (citing In re Jones, 226 F.3d 328 (4th Cir. 2000)). However, he asserts that the Court failed to consider whether he qualified for § 2241 review for other reasons. Id. Specifically, Hazel states that the Court has the authority to

consider his claims outside of the requirements of § 2255's savings clause, where he was denied a full and fair adjudication of his claims on the merit in his prior proceedings. Id. at 2-3. In support of this contention, Hazel cites the Sixth Circuit case of Witham v. United States, 355 F.3d 501 (6th Cir. 2004).

In Witham, the petitioner filed a habeas action under 28 U.S.C. § 2241, which sought review of a military court martial. In determining the scope of the court's review, the magistrate judge found that a "district court's review of a court-martial proceeding is limited to a consideration of whether the petitioner's claims were given a 'full and fair consideration by the military courts.'" Witham at 503. On review by the Sixth Circuit, that court found that, unlike a federal defendant, a military defendant has no collateral review process, and cannot challenge his court martial under § 2255. Id. at 505. Specifically, the Court found:

> General courts-martial are ad hoc proceedings which dissolve after the purpose for which they were convened has been resolved. As a result, there is not a sentencing court in which a military prisoner may bring a § 2255. Moreover, neither the Uniform Code of Military Justice nor the Manual for Courts-Martial provides for collateral review within the military courts.

Id. (internal citations omitted).

Therefore, because a military defendant cannot seek relief under 28 U.S.C. § 2255, under the savings clause, § 2255 is

**HAZEL V. CROSS**                                          **CIVIL ACTION NO. 1:09CV4**

**ORDER DENYING MOTION FOR RECONSIDERATION**
_____

inadequate and ineffective to test the legality of his sentence, and the defendant may seek review of his conviction and sentence under § 2241. Id. Nonetheless, the court recognized that such review was limited to an examination of whether the petitioner's claims were given "full and fair consideration" by the military courts. Id. The court did not, as Hazel suggests, find that a district court could go outside the scope of the savings clause to determine whether a nonmilitary federal defendant was denied full and fair consideration of his claims. Thus, even assuming that this Court is bound by the Sixth Circuit's findings in Witham, that case is inapplicable to Hazel's claims.

As Hazel has provided no further reason that this Court has not already considered, his Motion for Reconsideration (dckt. no. 25) is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record, as applicable, and to the pro se petitioner by certified mail, return receipt requested.

DATED: July 20, 2009.

                                          /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE